**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No. 07-cv-01688-REB-KMT

GOOD KARMA TRADING, LLC,
BLUE ASH TRADING, LLC,
BEECHWOOD FUND, LLC,
JORIE TRADING, LLC,
LARKSPUR TRADING, LLC,
HAWTHORN FUND, LLC,
PORTFOLIO PROPERTIES, INC.,
RIDGEPOINT FUND, LLC,
SUGARLOAF, LLC, and
WARWICK TRADING, LLC,

    Petitioners,

v.

UNITED STATES OF AMERICA,
DEPARTMENT OF THE TREASURY, and
INTERNAL REVENUE SERVICE,

    Respondent.

**ORDER OVERRULING OBJECTIONS TO AND
ADOPTING RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE**

**Blackburn, J.**

The matters before me are 1) the **Recommendation of United States Magistrate Judge** [#52], filed May 8, 2008; 2) **Petitioners' Objection to Magistrate Judge Tafoya's Proposed Findings and Recommendations** [#53], filed May 22, 2008; 3) the **United States' Response to Petitioners' Objection to the Recommendation of the Honorable Kathleeen M. Tafoya, United States Magistrate Judge** [#55], filed June 5, 2008; and 4) **Petitioners' Reply in Support of their**

**Objections to Magistrate Judge Tafoya's Proposed Findings and Recommendations** [#56], filed June 19, 2008.  I overrule the objections and adopt the recommendation.

The petitioners initiated this case when they filed their **Petition to Quash Summonses** [#1], filed August 9, 2007.  The petitioners ask the court to quash Internal Revenue Services summonses that were served on three individuals who have done business with the petitioners.  The recommendation addresses 1) the petitioners' **Petition to Quash Summonses** [#1], filed August 9, 2007; 2) **Petitioners' Motion for an Evidentiary Hearing** [#34], filed January 31, 2008; 3) **United States' Motion to Quash Petitioners' Discovery Requests and for Protective Order** [#36], filed February 4, 2008. All of the issues addressed in the recommendation have been briefed thoroughly.

As required by 28 U.S.C. § 636(b), I have reviewed *de novo* all portions of the recommendation to which objections have been filed, and have considered carefully the recommendation, the objections, the underlying motions, and the applicable law.  The recommendation is detailed, well-reasoned, and consistent with applicable law.  Although the petitioners' objections have been argued zealously and are thoroughly briefed, I conclude that the petitioners' objections are without merit.  Therefore, I find and conclude that the arguments advanced, authorities cited, and findings of fact, conclusions of law, and recommendation proposed by the magistrate judge should be approved and adopted.

I note briefly two points raised by the petitioners that are not addressed in the recommendation.  First, the petitioners argue that the United States' response to the petition to quash summonses is procedurally improper and must be stricken.  In

response to the petition, the respondent filed **United States' Motion To Deny Petition To Quash and for Enforcement of the IRS Summonses** [#11], filed October 9, 2007. On October 11, 2007, the magistrate judge directed that this filing be treated as a response to the petition. *Docket annotation* [#14], filed October 11, 2007. The petitioners argue that the United States' motion [#11] does not constitute an adequate answer or other response under the Federal Rules of Civil Procedure. They argue that the "IRS's selective response effectively negates petitioners' efforts at filing a petition to quash and turns this summons quashing proceeding into a summons enforcement proceeding . . . ." *Petitioners' objections* [#53], filed May 22, 2008, p. 10. I disagree. Notably, 26 U.S.C. 7609(b)(2)(A) permits the United States to "seek to compel compliance with the summons" in a proceeding to quash a summons. The United States' motion to deny and motion to enforce [#11] fairly addresses the claims raised by the petitioners and the petitioners have had ample opportunity to present their many arguments in support of their petition. The magistrate judge did not err in treating the United States' motion [#11] as a proper response to the petition.

Second, the petitioners argue that the magistrate judge did not address their argument that the summonses are overly broad on their faces. The magistrate judge did conclude that the documents requested in the summonses "are clearly related to the legitimate tax investigation and the factors which must be investigated" in pursuing that investigation. *Recommendation* [#52], filed May 8, 2008. I have reviewed the summonses and conclude that they are not overly broad under applicable law.

Finally, I must address the question of the proper respondent in this case. The magistrate judge noted in her recommendation that the United States is the only proper respondent in this action. The parties do not dispute this proposition. As filed by the

3

petitioners, the petition names the respondent as "United States of America, Department of the Treasury - Internal Revenue Service, Respondent." *Petition* [#1], filed August 9, 2007. The petitioners insist, however, that they never named an inappropriate respondent in this case. No matter what the petitioners intended, the court's docket includes the Department of the Treasury and the Internal Revenue Service as separate respondents in this case. There is no reason for these entities to be named in the caption, and their inclusion in the caption has caused some confusion. Therefore, I order that the Department of the Treasury and the Internal Revenue Service be dropped as respondents in this case, and that the caption of this case be amended to name only the United States of America as the respondent.

**THEREFORE, IT IS ORDERED** as follows:

1. That the **Recommendation of United States Magistrate Judge** [#52], filed May 8, 2008, is **APPROVED AND ADOPTED** as an order of this court;

2. That the objections stated in the **Petitioners' Objection to Magistrate Judge Tafoya's Proposed Findings and Recommendations** [#53], filed May 22, 2008, are **OVERRULED**;

3. That the **Petitioners' Motion for an Evidentiary Hearing** [#34], filed January 31, 2008, is **DENIED**;

4. That the **United States' Motion to Quash Petitioners' Discovery Requests and for Protective Order** [#36], filed February 4, 2008, is **GRANTED**;

5. That the petitioners' **Petition to Quash Summonses** [#1], filed August 9, 2007, is **DENIED**;

6. That the Department of the Treasury and the Internal Revenue Service are **TERMINATED** as respondents because they are not proper respondents in a case

4

seeking to quash IRS summonses;

7. That the caption of this case is **AMENDED** to show only the United States of America as the respondent;

8. That any future filings **SHALL INCLUDE** this amended caption; and

9. That this case is **CLOSED**.

Dated September 29, 2008, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**